UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

AUG 1 6 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-364-GWU

DOUGLAS BAYLESS,                                           PLAINTIFF,

VS.                         **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his application for Disability Insurance Benefits (DIB).   The appeal is

currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled.  If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)? If yes, proceed to Step 3.  If no, the
      claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities?  If yes, proceed to
      Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
      404.1520(c), 404.1521, 416.920(c), 461.921.

1

Bayless

4.      Can the claimant's severe impairment(s) be expected to result
        in death or last for a continuous period of at least 12 months?
        If yes, proceed to Step 5. If no, the claimant is not disabled.
        See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of
        impairments meeting or equaling in severity an impairment
        listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of
        Impairments)? If yes, the claimant is disabled. If no, proceed
        to Step 6.    See 20 C.F.R. 404.1520(d), 404.1526(a),
        416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity and the physical and mental
        demands of the work he has done in the past, still perform this
        kind of past relevant work?  If yes, the claimant was not
        disabled.   If no, proceed to Step 7.   See 20 C.F.R.
        404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity, age, education, and past work
        experience, do other work--i.e., any other substantial gainful
        activity which exists in the national economy?  If yes, the
        claimant is not disabled.   See 20 C.F.R. 404.1505(a),
        404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent
to the judicial review of administrative agency action apply.  Review of the
Commissioner's decision is limited in scope to determining whether the findings of
fact made are supported by substantial evidence. Jones v. Secretary of Health and
Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial
evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

Bayless

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Douglas Bayless, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of a myocardial infarction (status post coronary artery bypass grafting in 1988), Type II diabetes mellitus controlled with medication, a history of pyloric channel ulcers with gastrointestinal bleeds, a history of colon polyps (status post excision), hypothyroidism controlled with medication, and a mild to moderate depressive disorder. (Tr. 18-19). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Bayless retained the residual functional capacity to perform his past relevant work and, therefore, was not entitled to benefits.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age of 62 years, high school education, and past relevant work experience could perform any jobs if he were limited to "medium" level exertion, and also had the following non-exertional impairments. He: (1) could occasionally climb

7

ladders; (2) could have no exposure to temperature extremes; and (3) would have a "limited but satisfactory" ability to deal with the public, deal with work stresses, and work within a regular schedule. (Tr. 460-1). The VE responded that such a person could perform the plaintiff's past relevant work as a fleet manager and, in the alternative, identified other jobs that he could perform. (Tr. 461).

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

The ALJ's choice of hypothetical factors is supported by a state agency physician who reviewed a portion of the evidence in May, 2002. (Tr. 264-71). While the plaintiff submitted evidence of treatment for a variety of conditions, no examining source ever gave functional restrictions which would contradict the state agency reviewer. Mr. Bayless underwent coronary artery bypass surgery in 1988, but admitted that he returned to work until 2000 (Tr. 79, 442), and the most recent treatment notes from the Veterans Administration Medical Center (VAMC) indicate that this problem was stable and that the plaintiff was feeling well (E.g., Tr. 215, 357, 388). Mr. Bayless underwent operations for bleeding ulcers in March and April, 2001, but by June 14, 2001, an EGD showed his ulcer "probably 90 percent healed," and no further problems were reported due to this condition. (Tr. 169, 189, 201). He was treated successfully at the VAMC for elevated lipid levels (E.g., Tr. 215, 361), and had some difficulty with diabetes mellitus, for which Mr. Bayless entered

8

Bayless

an experimental program of oral medications in September, 2002 in an attempt to avoid insulin injections. (Tr. 209). At one point, in 2003, his glycohemoglobin and some home glucose readings were elevated (E.g., Tr. 339, 357), but he was much improved by 2004 and all the readings were below his goal (Tr. 361, 388) . There was no retinopathy, neuropathy, nephropathy, or sensation or reflex abnormalities, on examination. (Tr. 361). Foot examinations were also normal. (Tr. 334).

From a psychological standpoint, although the VAMC prescribed medication for depression, this was reportedly helpful, and no functional restrictions were assessed by a treating source. (Tr. 215, 233). Mr. Bayless was described in the VAMC notes as being "cheerful" and "not depressed;" it was often noted that he was eating and sleeping well. (E.g., Tr. 208, 213, 389). Dr. Gary Maryman, a psychologist, conducted a consultative examination in June, 2002, and diagnosed only a mild to moderate depressive disorder. (Tr. 262-3). Dr. Maryman found some indications that Mr. Bayless "might" have some impairment in short-term memory and "might" have some difficulties in sustaining focus and concentration, but did not provide any definite restrictions. (Tr. 262-3). State agency psychologists who subsequently reviewed the evidence concluded that the plaintiff did not even have a "severe" mental impairment. (Tr. 273, 288). Thus, the psychological limitations given in the hypothetical question appear to give the plaintiff the benefit of the doubt.

Bayless

Therefore, the plaintiff failed to carry his burden of showing that he could not return to his past relevant work.

The plaintiff argues on appeal that the ALJ did not properly consider his credibility, but as the ALJ noted, the plaintiff returned to work after his 1988 myocardial infarction, which he stated was his most serious problem (Tr. 446), but the record contains no evidence of a particular reason that Mr. Bayless stopped working, other than his statement to a physician in May, 2000 that he was planning to retire in midsummer (Tr. 117) and there is no evidence of any particular medical incident on his alleged onset date.  (Tr. 19).  The ALJ also considered that Mr. Bayless was able to engage in a significant level of functioning including going for walks, driving, attending softball games, doing some household chores, taking his wife shopping, and occasionally attending church.  (Tr. 18,260-1, 455).  Therefore, there was no error in the credibility assessment.

The plaintiff's primary argument is that the ALJ had a heightened duty to develop the record since he had a non-attorney representative at the administrative level.  While Lashley v. Secretary of Health and Human Services, 708 F.2d 1048 (6th Cir. 1983) does hold that the ALJ has a special duty to develop the record for an unrepresented claimant, the Sixth Circuit has declined to hold that the mere fact that a claimant is unrepresented is grounds for reversal. Duncan  v. Secretary of Health and Human Services, 801 F.2d 847, 856 (6th Cir. 1986).  Unlike the almost

Bayless

uneducated, inarticulate plaintiff in Lashley, who showed evidence of impaired
mental ability and was cut off with a brief hearing which left many issues unexplored,
Mr. Bayless was a high school graduate with a history of managerial positions, and
gave detailed, lengthy testimony about his condition. At one point, the ALJ even
allowed Mr. Bayless to give an answer covering four pages of printed transcript
regarding the details of his 1988 heart attack, despite the limited relevance of this
relatively remote event. (Tr. 446-50). Moreover, the non-attorney representative was
allowed to question Mr. Bayless extensively. (Tr. 452-7). Plaintiff's current counsel
believes that the ALJ should have obtained a consultative physical examination, but
this is not persuasive, particularly in light of the plaintiff's extensive treatment at the
VAMC.

   The decision will be affirmed.

   This the __/6__ day of August, 2006.

                                    G. WIX UNTHANK
                                    SENIOR JUDGE

11